13593

MERRITT v. MERRITT *ET AL.*

(168 S. E., 195)

April, 1932.

*Messrs. M. A. Wright, E. S. C. Baker* and *F. G. Burroughs,* for appellant,

*Messrs. T. B. Lewis* and *H. H. Woodward,* for respondent,

March 1, 1933.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, Mary S. Merritt, commenced this action, in the Court of Common Pleas for Horry County, against her husband, Ellis Joseph Merritt, and her father-in-law, Joseph Merritt, April, 1932, the principal purpose of the suit being to obtain judgment for alimony, temporary as well as permanent, also attorney's fees, and the plaintiff also asked for such other and further relief as may be just and equitable under the facts of the case; it being alleged, in substance, in the complaint, among other acts of wrong, that her said husband had failed and refused to provide a support for her and her infant child, and that her father-in-law, the said Joseph Merritt, in effect, among other acts of wrong alleged against him in the complaint, had co-operated and connived with the said Ellis Joseph Merritt in bringing about this condition, and that the said Joseph Merritt had taken possession of certain money and property which the plaintiff had labored to help produce and in which she and her said husband had an interest, for the purpose, it seems, of putting said money and property beyond the reach of the Court and thus prevent, in effect, the plaintiff from being able to obtain a just and proper amount of alimony from the said Ellis Joseph Merritt. The case was heard before Judge J. Henry Johnson, April 18, 1932, on demurrer to the complaint interposed by the defendants, which demurrer

his Honor, Judge Johnson, overruled. From the said order the defendants have appealed to this Court, imputing error to the Circuit Judge in not sustaining the demurrer.

The demurrer interposed by the defendants reads as follows:

"(1) The complaint does not state facts sufficient to constitute a cause of action in that

"(a) As to Joseph Merritt, it does not appear that he had or has any legal duty toward the maintenance and support of the plaintiff, and that as against him the plaintiff is entitled to no judgment for alimony; and in so far as the action related to property now in his possession, it is not alleged that the plaintiff has any right, title or interest in such property.

"(b) As to the defendant Ellis Joseph Merritt, it is not alleged that he is financially capable of supporting his wife and child, or of paying alimony to the plaintiff; but on the contrary it affirmatively appears that said defendant owns no property whatever and is at the present time undergoing hospital treatment for an injury which has incapacitated him from earning a livelihood.

"(c) That in so far as the action relates to disposal of property by either of the defendants, it affirmatively appears that said property is in the custody and possession of the defendant Joseph Merritt, who has title thereto, voluntarily surrendered by the plaintiff, and as to such property he has full liberty of action.

"(2) That several causes of action have been improperly united in that

"A cause of action for alimony has been united or mingled with a cause of action for conversion, and a cause of action based on fraud and deceit, and a cause of action for an injunction restraining the disposal of certain property, and a cause of action for alienation of affections."

The complaint is lengthy, consisting of eight pages, and it would, in our opinion, serve no useful purpose in quoting

the same herein. We deem it sufficient to state that while we agree with appellants in their contention, set forth under subdivision (a), pagagraph (1), of the demurrer, that there is no ground alleged in the complaint which forms a basis for requiring the defendant Joseph Merritt to furnish maintenance and support for the plaintiff and her infant child, we are unable to agree with the contention, stated thereunder, that the plaintiff has no interest in the property and money described or referred to in the complaint. We think that, under a liberal construction, the allegations of the complaint show that the plaintiff has or claims an interest in the said money and property.

As to the contention of appellants, stated under subdivision (b), paragraph (1), quoted above, we think it is sufficiently alleged by the plaintiff that her said husband, Ellis Joseph Merritt, is financially able to respond to a judgment for alimony for the plaintiff and for a support for the said infant child. If the allegations of the complaint are true, and, for the purpose of passing upon the demurrer under consideration, they must be deemed to be true, the said defendant Ellis Joseph Merritt purposely put his property into the possession of his father, the said defendant Joseph Merritt, who co-operated and connived with his said son, Ellis Joseph Merritt, with the intention and for the purpose of preventing the plaintiff and her infant child from obtaining the maintenance and support they are entitled to receive from the said Ellis Joseph Merritt. Of course, whether these allegations are true is a matter to be hereafter determined, upon proof on the trial of the case. But, as stated, for the purpose of passing upon the demurrer, the plaintiff's allegations must, under the well-recognized rule, be deemed to be true. Under a liberal construction, the complaint, under our view, must be construed to allege, in substance, that the property above referred to is held by the defendant Joseph Merritt for the benefit and protection of the said Ellis Joseph Merritt, and for the pur-

pose of defeating the rights of the plaintiff and said infant child.

As to the position of appellants that the Circuit Judge erred in not sustaining the demurrer upon the ground stated under subdivision (c), paragraph (1), above quoted, contending that it affirmatively appears in plaintiff's complaint "that said property is in the custody and possession of the defendant, Joseph Merritt, who has title thereto, voluntarily surrendered by the plaintiff, and as to such property he (Joseph Merritt) has liberty of action," we call attention to the complaint, wherein it is alleged, in effect, that the plaintiff, who owned an interest in the lot of land at Chadburn, N. C., joined in the execution of a deed to said lot, conveying the same unto the said Joseph Merritt, upon the statement of her said husband, Ellis Joseph Merritt, that it was necessary to execute such deed for protection in the bankruptcy court, but that then and ever since the said Joseph Merritt has turned over to the said Ellis Joseph Merritt the monthly rent for the said property. As to the goods, merchandise, and money connected with the business, known as "Right Market" operated by the plaintiff and her said husband at Conway, S. C., from 1925 to just before the commencement of this action, placing a liberal construction on the allegations of the complaint, the plaintiff evidently claims an interest in the said property and alleges, in effect, that through the acts of the defendants the same was taken away from her; that her life was threatened by the said Joseph Merritt, and she was forced by him to leave the building wherein said business, "Right Market," was operated, together with the goods, merchandise, and money contained therein, on account of the threats made against her life and through fear of losing her life. The appellants' contention cannot be sustained.

The allegations of error imputed to the trial Judge in not sustaining the demurrer based on the ground that several causes of action have been improperly united, are abandoned,

as appears by statement contained in the brief of appellants' counsel.

While we have not discussed herein every position of appellants, we have duly considered the same, and, after a careful consideration of the entire record, are of the opinion that the Circuit Judge properly overruled the demurrer. The exceptions are therefore overruled, and the order of the Circuit Judge appealed from affirmed, with leave to the defendants to file an answer in the cause within twenty days after the remittitur in the case is sent down to the lower Court.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.